# Duddy v. Conshohocken Printing Company (No. 2)

*Harry J. Alker, Jr.,* for plaintiff.

*Wright, Mauck, Hawes & Spencer,* for defendant.

CORSON, J., June 11, 1954.—In connection with the merger of two corporations plaintiff, a dissenting stockholder, proceeded under the Business Corporation Law of May 5, 1933, P. L. 364, sec. 908, 15 PS §2852-908, to have the value of his 10 shares of stock appraised. After two appeals to the Superior Court the value of the stock was finally fixed and defendant corporation directed to pay the costs of the proceedings.

Plaintiff, by the present petition and rule, seeks to have the expenses of certain expert witnesses taxed as part of the costs of the case. Defendant, respondent in the rule, is willing to have the witness fees of such alleged expert witnesses taxed at the amount provided for ordinary witnesses, but objects to any higher amount being allowed. The printing company relies

upon the Act of July 21, 1941, P. L. 425, sec. 9, 28 PS §416.9, which reads as follows:

"Expert witnesses; witness from another state. Nothing herein contained shall affect the right of a witness who gives expert testimony to receive additional per diem compensation therefor not taxable as costs, nor shall it affect the compensation of a witness from another state who appears to testify in a criminal prosecution in this Commonwealth by virtue of a subpoena issued by a judge of such other state."

Under the literal wording of this act, it would seem that defendant's contention must be sustained. However, under the Business Corporation Act, supra, under which the proceedings were brought, the proceedings are treated as being in equity.

In the case of Ashton v. Pittsburgh Consolidated Coal Co., 69 D. & C. 277 (1949), the court held that proceedings under the Business Corporation Law by a dissatisfied stockholder are in equity and that it is within the discretion of the court to grant reasonable compensation to expert witnesses in such proceedings. We adopt the reasoning and law of this case and feel that additional compensation must be taxed in favor of certain witnesses called by plaintiff in the proceedings before the court-appointed appraisers.

Petitioner also submits two items for expenses to Norristown, and cost of photostats. We do not feel that either of these are allowable as costs. The fees allowed in our decree to the expert witnesses shall be in addition to the ordinary witness fees.

And now, June 11, 1954, the prayer of the petition is allowed; the rule granted thereon is made absolute, and it is ordered and directed that the Conshohocken Printing Company, respondent, pay, as part of the costs, the following fees to the following ex-

pert witnesses: E. Lane Crawford, $50; H. S. Rhoads, $25; Wesley H. Conklin, $50; Harold McCuen, $50.

The foregoing are directed to be taxed as part of the costs of the case.